PATTERSON, Judge.
The wife appeals from a final judgment of dissolution of marriage. We find merit only in her contention that it was error to deny her request of an award of the husband’s equity in the marital home as lump-sum alimony.
At the time the parties married in 1983, the husband was the sole owner of a bar and grill, in which the wife was a salaried employee. The husband also owned the building which housed the business, together with several rental units, and other rental properties. The wife had little or no assets. After the marriage, the wife continued to work in the business at no salary until the birth of their first child in 1987.
During the course of the marriage, the business property was mortgaged and remortgaged, and the business and other rental properties were sold, with the proceeds going solely to the husband. The parties had another child and moved to Alaska, renting their modest marital home. The mortgages on the business property were satisfied over a period of years. The parties disputed whether the source of those funds was marital or nonmarital. The trial court resolved the issue in favor of the husband, finding that the mortgages were satisfied with non-marital funds.
At the time of the final hearing, the husband had sold the unencumbered business property for $80,000 and taken back a promissory note, which pays him $675.52 a month. The trial court determined the marital property to be the marital home with an approximate equity of $20,000 and $4,000 worth of other assets. The trial court awarded custody of the children and use of the marital home to the wife and made an equal division of the marital assets. The trial court denied the wife’s claim for a special equity in the husband’s promissory note and her request for lump-sum alimony.
With regard to the wife’s claim that the promissory note was marital property or that she had a special equity in it, the trial court believed the husband’s explanation that the mortgages on the business property, totaling more than $50,000, were satisfied from nonmarital funds. However improbable that may appear from this record, the evidence was disputed and we cannot disturb the trial court’s finding. In view of the totality of the circumstances, we do, however, determine that it was an abuse of discretion to deny the wife’s claim for an award of lump-sum alimony in the form of the husband’s equity in the marital home. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Reversed and remanded with directions for the entry of an amended final judgment awarding the husband’s equity in the marital home to the wife as lump-sum alimony.
DANAHY, A.C.J., and QUINCE, J., concur.